UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ANTHONY WAYNE CRUSOE, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. SAG-20-1901 |
| WARDEN, | * | |
| Defendant. | * | |

\*\*\*

## MEMORANDUM

Self-represented Plaintiff Anthony Wayne Crusoe filed the above-captioned civil rights Complaint pursuant to 42 U.S.C. § 1983. ECF No. 1. In the Complaint, Crusoe alleged a lack of supplies and cleaning taking place to protect against contracting COVID-19 where he is detained at the Maryland Reception, Diagnostic and Classification Center ("MRDCC"). Crusoe was ordered to supplement his Complaint to provide the names of individuals whom he claims are responsible for the alleged wrongdoing; dates of the alleged incidents; facts supporting his claim; and an explanation of how his civil rights were violated by the alleged conduct. ECF No. 2. The Order also directed Crusoe to either pay the filing fee or file a Motion for Leave to Proceed in Forma Pauperis.

The Court received Crusoe's supplemental filing as well as a Motion for Leave to Proceed in Forma Pauperis. ECF Nos. 3, 4. The verified inmate account statement (ECF No. 8), filed pursuant to this Court's Order by the finance officer at the Maryland Reception, Diagnostic and Classification Center ("MRDCC"), reflects a six-month average balance of $34.64 in Crusoe's account. Because the current balance is minimal, the initial partial payment shall be waived.

In the supplement Crusoe lists the Division of Corrections, MRDCC as a defendant. Crusoe states that he was given only a cloth mask, without a filter, and this is causing "stress of being exposed to the coronavirus." ECF 3 at 3-4. In the complaint, Crusoe similarly stated he was issued "a cloth mask without a filter." ECF 1 at 1. Crusoe states he is at risk of harm and seeks compensation for "stress." ECF 3 at 4.

On December 3, 2020, the Court received a letter from Crusoe that was docketed a supplement to the complaint. ECF NO. 9. Both the supplement and envelope indicate that Crusoe has been transferred to Western Correctional Institution ("WCI") in Cumberland, Maryland. Crusoe states in this supplement that "the pandemic is getting out of control" at WCI. *Id.* at 1. He states that the masks at WCI also lack filters, there is no hand sanitizer or soap, and he is at risk.

To the extent that Crusoe is requesting injunctive relief from MRDCC in the nature of supplies to protect from COVID-19, this claim is rendered moot by his transfer to WCI. *Pevia v. Hogan*, 443 F. Supp. 3d 612, 663 (D. Md. 2020) citing *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991) (transfer of prisoner moots his Eighth Amendment claims for injunctive and declaratory relief); *see also Slade v. Hampton Rd's Reg'l Jail*, 407 F.3d 243, 248–49 (4th Cir. 2005) (pretrial detainee's release moots his claim for injunctive relief); *Magee v. Waters*, 810 F.2d 451, 452 (4th Cir. 1987) (concluding that the transfer of a prisoner rendered moot his claim for injunctive relief).

If Crusoe wishes to bring a similar claim for injunctive relief against individuals responsible for failure to provide necessary supplies at WCI, he will need to file a new civil rights action, naming appropriate individuals at WCI. Crusoe may not litigate claims pertaining to events taking place at WCI in the pending action.

Crusoe's remaining claim based on the failure of Defendants to provide necessary supplies to protect him from COVID may proceed against the Warden at MRDCC. Crusoe's claim for

damages against Division of Corrections, MRDCC will be dismissed. Liability under § 1983 attaches only upon personal participation by a defendant in the constitutional violation. *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001). Naming institutions or using the term "staff" or the equivalent as a name for alleged defendants, without naming specific staff members, is insufficient to state a claim against a "person" in a § 1983 action. *Harden v. Green*, 27 Fed. Appx. 173, 178 (4th Cir. 2001) citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70–71 (1989) (other citations omitted); *see also Horton v. Kopp*, 2018 WL 1243537, at *2 (D. Md. 2018).

Accordingly, except to the extent that payment is required, the Motion to Proceed in Forma Pauperis will be granted. The claim for injunctive relief against Defendants will be dismissed and the Complaint will go forward against the Warden at MRDCC. The Division of Corrections, MRDCC, are dismissed as Defendants. All claims pertaining to events at WCI will be dismissed without prejudice. A separate order follows.

Dated this 7th day of December, 2020.

_____/s/_____
Stephanie A. Gallagher
United States District Judge